UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )
)
1. PETER V. MAGGIO, III, )
)
2. JEFFREY A. DEVEAU, )
)
3. MICHAEL R. O'NEILL, )
)
4. WILLIAM A. HOWE, )
)
5. LOUIS A. PARADISO, )
)
6. MATT A. HAVEY, )
and )
)
7. SEAN SACCO )
)
Defendants )
)
)
)

CRIMINAL NO. 04-10231-MLW

VIOLATIONS:

Conspiracy
    18 U.S.C. § 371
Mail Fraud
    18 U.S.C. § 1341
Wire Fraud
    18 U.S.C. § 1343
Interstate Transportation
    Of Stolen Goods
    18 U.S.C. § 2314
Aiding and Abetting
    18 U.S.C.§ 2

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

## THE DEFENDANTS

1. At all times material to this Indictment, defendant PETER V. MAGGIO, III ("MAGGIO") operated a business for construction of roadway projects and building development. MAGGIO held himself out as the principal of, and an agent for, Earth Site and Utility Corporation, a contracting company engaged in interstate commerce with a principal place of business at 251

Corporation Way in Medford, Massachusetts.  MAGGIO, with the assistance of others, also exercised control over a number of entities and bank accounts in the name(s) of individuals doing business as ("dba"):

Earth Management & Equipment Co., Inc., also known as Earth Management Equipment Co.

Metropolitan Crushing & Materials

Metropolitan Transportation & Equipment

Metropolitan Trucking & Leasing

S&S Trucking Co.

Onsite Power Crushing

Wilmington Transportation Equipment Co.

SP Construction Services

MacDonald Contracting

ER Winter Transportation & Equipment

Croteau Trucking

Industrial Equipment & Dismantling Co.

Independent Equipment

Northeast Remediation Service, Inc.

North Suburban Bituminous, also known as North Shore Bituminous

A. Fenno & Sons

Falcucci Construction Co., Inc.

MAGGIO also exercised control over a bank account in the name of Mass Equipment Leasing Corp. ("Mass Equipment").

2

2.    At all times material to this Indictment, defendant JEFFREY A. DEVEAU ("DEVEAU") was an officer, director and part owner of Deveau Tractor, Inc., formerly known as Deveau Ford Tractor, Inc., with a principal place of business at 5949 East Molloy Road, Syracuse, New York.  DEVEAU also served for a fee as a broker and loan originator for commercial lenders.

3.    At all times material to this Indictment, defendant MICHAEL A. O'NEILL ("O'NEILL") was an employee, agent and District Sales Manager for The CIT Group/Equipment Financing, Inc., and operated an office from his home at West Chester, Pennsylvania.

4.    At all times material to this Indictment, defendant WILLIAM A. HOWE ("HOWE") was an accountant who operated an office from his home at Melrose, Massachusetts.

5.    At all times material to this Indictment, defendant LOUIS A. PARADISO ("PARADISO") was a mechanic for an automobile dealership.  PARADISO was also an employee of defendant MAGGIO. PARADISO also represented himself to be the owner, operator and president of an entity identified as Louis A. Paradiso doing business as Earth Management & Equipment Co., Inc. also known as Earth Management Equipment Co. (collectively "Earth Management").

6.    At all times material to this Indictment, defendant MATT A. HAVEY ("HAVEY") was an employee of an automobile service company.  HAVEY was also an employee of defendant MAGGIO.  HAVEY

3

also represented himself to be the owner and operator of entities identified as Matt Havey doing business as Metropolitan Crushing & Materials ("Metro Crushing"), and Matt Havey doing business as Metropolitan Transportation & Equipment ("Metro Transportation").

7.   At times material to this Indictment, defendant SEAN SACCO ("SACCO") was an employee of a fitness center.  SACCO also became an employee of defendant MAGGIO.  SACCO also represented himself to be the owner and operator of entities identified as Sean Sacco doing business as Metropolitan Trucking & Leasing ("Metro Trucking"), and Sean Sacco doing business as S & S Trucking Co. ("S & S Trucking").

## THE COMMERCIAL LENDERS

8.   At all times material to this Indictment, The CIT Group/Equipment Financing, Inc. ("CIT Group") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 1540 West Fountainhead Parkway, Tempe, Arizona.

9.   At all times material to this Indictment, Newcourt Financial USA, Inc. ("Newcourt") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 111 Monument Circle, Indianapolis, Indiana.

4

10.  At all times material to this Indictment, Textron Financial Corporation ("Textron") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 4550 North Point Parkway, Alpharetta, Georgia.

11.  At all times material to this Indictment, New Holland Credit Co. ("New Holland Credit") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 100 Brubaker Avenue, New Holland, Pennsylvania.

12.  At all times material to this Indictment, Associates Commercial Corp. ("Associates") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 1500 West Park Drive, Westboro, Massachusetts.

13.  At all times material to this Indictment, Volvo Commercial Finance LLC ("Volvo Finance") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 7823 National Service Road, Greensboro, North Carolina.

14.  At all times material to this Indictment, ORIX Credit Alliance, Inc. ("ORIX") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction

equipment and trucks, with a principal place of business at 140 Route 17 North, Paramus, New Jersey.

15.    At all times material to this Indictment, GE Capital Corp. ("GE Capital") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 11610 Prairie Lakes Drive, Eden Prairie, Minnesota.

16.    At all times material to this Indictment, Green Tree Financial Service Corp. ("Green Tree") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 3601 Minnesota Drive, Bloomington, Minnesota.

17.    At all times material to this Indictment, U.S. Bancorp Leasing & Financial ("U.S. Bancorp") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with principal places of business at 601 Second Avenue South, Minneapolis, Minnesota and at 7659 S. W. Mohawk Street, Tualatin, Oregon.

18.    At all times material to this Indictment, Caterpillar Financial Services Corp. ("Caterpillar Finance") was engaged in interstate commerce as a commercial lender for the purchase and lease of construction equipment and trucks, with a principal place of business at 10440 Little Patuxent Parkway, Columbia, Maryland.

## THE DEALERSHIPS

19. At all times material to this Indictment, Deveau Tractor, Inc., formerly known as Deveau Ford Tractor, Inc. ("Deveau Tractor"), was a dealership engaged in interstate commerce for the sale and leasing of trucks and construction equipment, with a principal place of business at 5949 East Molloy Road, Syracuse, New York.

20. At all times material to this Indictment, O'Connor GMC, Inc. ("O'Connor GMC") was a dealership engaged in interstate commerce for the sale of tractor trucks, with a principal place of business at 187 Riverside Drive, Augusta, Maine. The dealership was also known as O'Connor Volvo Truck & GMC, O'Connor White GMC and O'Connor Buick GMC, with additional places of business at Portland and Westbrook, Maine.

21. At all times material to this Indictment, Barnaby's Truck & Equipment, Inc. ("Barnaby's Truck"), was a dealership engaged in interstate commerce for the resale of tractor trucks and construction equipment, with a principal place of business at 272 South Road, Kensington, New Hampshire.

22. At all times material to this Indictment, Stadium International Trucks, Inc. ("Stadium Trucks") was a dealership engaged in interstate commerce for the resale of tractor trucks and construction equipment, with a principal place of business at 105 7th North Street, Liverpool, New York.

7

## COUNT ONE

### CONSPIRACY
### (18 U.S.C. § 371)

23.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 22 of this Indictment, and further charges that:

24.   From in or about July 1998 to in or about May 2000, at Medford, Everett, Melrose, Malden, Wilmington, Westborough, Lynne, Lynnfield, and Boston in the District of Massachusetts, and elsewhere,

1.   PETER V. MAGGIO, III,
2.   JEFFREY A. DEVEAU,
3.   MICHAEL R. O'NEILL,
4.   WILLIAM A. HOWE,
5.   LOUIS A. PARADISO,
6.   MATT A. HAVEY,

and

7.   SEAN SACCO,

defendants herein, together with other persons known and unknown to the Grand Jury, knowingly and unlawfully conspired and agreed with each other to commit offenses against the United States, to wit:

A.   To devise a scheme and artifice to defraud commercial lenders through the use of the United States Mails, in violation of Title 18, United States Code, Section 1341 (Mail Fraud);

8

B.    To devise a scheme and artifice to defraud commercial lenders through the transmission of materials by the use of wire communication in interstate commerce, in violation of Title 18, United States Code, Section 1343 (Wire Fraud);

C.    To transport and transfer in interstate commerce goods of the value of more than $5,000, to wit: vehicles and equipment, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Section 2314 (Interstate Transportation of Stolen Goods).

## OBJECTIVES OF THE CONSPIRACY

25.  The purposes and objectives of the conspiracy were:

A.    To obtain fraudulent loans aggregating approximately $20,000,000.00, more or less, for financing real and purported purchases and leases of approximately 184 trucks and items of construction equipment through the use of "straw" borrowers and false financial documents;

B.    To fraudulently obtain trucks and items of construction equipment in the name of "dba" entities for use by defendant MAGGIO;

C.    To distribute proceeds from fraudulent loans among the co-conspirators.

## OVERVIEW OF THE CONSPIRACY

26.    Defendant MAGGIO was operating a construction business under the names Earth Site & Utility and Earth Management, when he became the principal organizer and leader of the conspiracy to use "straw" borrowers, so-called, to apply for and obtain commercial loans.  The individuals were "straw" borrowers because defendant MAGGIO solicited and agreed to pay them to execute fraudulent loan documents which caused lenders to believe that the "straw" borrowers were the true borrowers and would be responsible for repayment of the loans.  In fact, defendant MAGGIO and the "straw" borrowers knew that the "straw" borrowers were not the true borrowers and had neither the intention nor the capacity to repay the loans.

Defendants PARADISO, SACCO and HAVEY agreed to accept cash and other payments from defendant MAGGIO for serving as "straw" borrowers.  They allowed defendant MAGGIO to obtain loans in their names, and they knew fraudulent loan applications and financial records were submitted in their names.  They knew they had neither the intention nor the capacity to repay the loans in their names.  They traveled to dealerships to sign false and fraudulent loan documents.

Defendant MAGGIO and defendant DEVEAU agreed to share proceeds from the fraudulent "straw" loans.  Defendants MAGGIO and DEVEAU created purchase and lease documents for submission to

lenders in the names of the "straw" borrowers. For some of the fraudulent loans, the sale and lease documents represented actual sales or leases of trucks and equipment used by defendant MAGGIO for his construction business. For other fraudulent loans, the purported sales only changed the ownership from one "straw" borrower to another "straw" borrower. For still other loans, no equipment was ever actually sold or leased. Defendant MAGGIO also obtained fraudulent titles to tractor trucks in order to sell the vehicles without the lenders' knowledge.

Defendant MAGGIO paid defendant HOWE to create false and fictitious financial records and tax returns in the names of the "straw" borrowers, which were submitted to the lenders to induce them to approve and fund the commercial loans.

Defendant O'NEILL agreed to accept kickbacks in cash from defendant DEVEAU and defendant MAGGIO to help them get "straw" loans approved by CIT Group, and to conceal the fraudulent nature of CIT loans.

After defendant DEVEAU received funds from "straw" loans, he used cash, bank wire transfers and checks to share the proceeds with defendants MAGGIO and O'NEILL. Defendant DEVEAU paid defendant O'NEILL $100,000, more or less. Defendant DEVEAU delivered $8,217,351.09, more or less, to defendant MAGGIO.

As a consequence of the "straw" borrower scheme, commercial lenders collectively approved and funded loans aggregating

$21, 651,543.90, more or less, and collectively suffered net losses in excess of $13,225,089.55.

## MANNER AND MEANS OF THE CONSPIRACY

27.  It was a part of the manner and means of the conspiracy that conspirators would and did solicit and pay individuals to serve as purported borrowers, so-called "straw" borrowers, regarding commercial loans obtained to purchase and lease trucks and construction equipment from dealership companies, including Deveau Tractor and O'Connor GMC;

28.  It was further a part of the manner and means of the conspiracy that conspirators would and did create purported entities known as "doing business as" or "dba" companies in the names of conspirators and others known and unknown to the Grand Jury for the purpose of fraudulently applying for commercial loans;

29.  It was further a part of the manner and means of the conspiracy that to induce commercial lenders to approve loans, the conspirators would and did submit false and fictitious loan applications, together with false and fictitious financial records which grossly inflated the income and assets of the purported borrowers for loans;

30.  It was further a part of the manner and means of the conspiracy that conspirators would and did travel to Maine and elsewhere, and caused others known and unknown to the Grand Jury

12

to travel to Maine and elsewhere, for the purpose of executing documents in connection with fraudulent "straw" loans;

31. It was further a part of the manner and means of the conspiracy that conspirators would and did create fictitious sales and leases of trucks and construction equipment for the purpose of obtaining loans from commercial lenders;

32. It was further a part of the manner and means of the conspiracy that conspirators would and did create fictitious "add-on" loans for the purported installation of specialized equipment on tractor trucks purchased from O'Connor GMC;

33. It was further a part of the manner and means of the conspiracy that conspirators would and did obtain multiple fraudulent loans on trucks and construction equipment financed by commercial lenders;

34. It was further a part of the manner and means of the conspiracy that conspirators would and did obtain fictitious "duplicate" titles of trucks, which falsely represented the ownership of the vehicles and concealed commercial loan liens, all for the purpose of selling the trucks in interstate commerce;

35. It was further a part of the manner and means of the conspiracy that conspirators would and did fraudulently obtain commercial loan proceeds and broker participation fees which were shared among the conspirators.

## OVERT ACTS PERFORMED IN FURTHERANCE OF THE CONSPIRACY

36.  In furtherance of the conspiracy, in the District of Massachusetts, and elsewhere, the conspirators and others acting in concert with them and under their direction committed numerous overt acts, including:

37.  **THE "STRAW" LOANS SCHEME**

A.  In or about July of 1998, defendant MAGGIO personally solicited and induced defendant PARADISO to act as a "straw" borrower for commercial loans;

B.  From and after July 1998, defendant PARADISO was paid cash on a weekly basis and given other financial benefits by MAGGIO for acting as a "straw" borrower in connection with fraudulent commercial loans;

D.  From and after July 1998, defendant MAGGIO requested that defendant PARADISO solicit additional individuals to act as "straw" borrowers for such commercial loans;

E.  In or about November 1998, defendants PARADISO and MAGGIO solicited and induced defendant SACCO to act as a "straw" borrower for such commercial loans;

F.  From and after November 1998, defendant SACCO was paid a fee of $600 per month, more or less, and was given additional cash payments of $200 per week, more or less, by MAGGIO for acting as a "straw" borrower in connection with fraudulent commercial loans;

14

G.    In or about January 1999, defendants PARADISO and MAGGIO attempted to solicit and induce AF#1 to act as a "straw" borrower for such commercial loans, whereby MAGGIO offered to pay AF#1 $5,000 to act as a "straw" borrower;

H.    From on or about January 17, 1999 to on or about February 2, 2000, defendant MAGGIO and others known and unknown to the Grand Jury fraudulently caused four (4) commercial loans to be funded in the name of AF#1 for an aggregate amount of $1,071,639.00, more or less;

I.    In or about June 1999, defendants PARADISO and MAGGIO attempted to solicit and induce RD to act as a "straw" borrower for such commercial loans;

J.    From on or about July 28, 1999 to on or about October 28, 1999, defendant MAGGIO and others known and unknown to the Grand Jury fraudulently caused seven (7) commercial loans to be funded in the name of RD for an aggregate amount of $1,666,600.00, more or less;

K.    In or about June 1999, defendants PARADISO and MAGGIO solicited and induced defendant HAVEY to act as a "straw" borrower for such commercial loans;

L.    From and after June 1999, defendant HAVEY was paid by defendant MAGGIO for acting as a "straw" borrower in connection with the fraudulent commercial loans,

including the receipt of cash payments from MAGGIO, the payment of approximately $9,600 to pay a second mortgage on defendant HAVEY's home, payment of approximately $6,000 for defendant HAVEY's credit card debts, and weekly cash payments of $600, more or less;

M.   From and after June 1999, defendant MAGGIO requested that defendant HAVEY further solicit additional individuals to act as "straw" borrowers for such commercial loans;

N.   In or about February 2000, defendants MAGGIO and HAVEY attempted to solicit and induce TD to act as a "straw" borrower for such commercial loans;

O.   From on or about February 3, 2000 to on or about February 8, 2000, defendant MAGGIO and others known and unknown to the Grand Jury fraudulently caused two (2) commercial loans to be funded in the name of TD for an aggregate amount of $1,071,289.00, more or less.

38.   **SHARING OF PROCEEDS BY DEFENDANTS MAGGIO AND DEVEAU**

A.   From and after July 20, 1998 to in or about May of 2000, defendant DEVEAU assisted defendant MAGGIO in obtaining  loans from Newcourt, CIT Group, New Holland and other commercial lenders;

B.   From and after at least February 1999, defendants MAGGIO and DEVEAU entered into an agreement to share

16

the proceeds from fraudulent loans obtained from commercial lenders;

C.   From on or about February 2, 1999 to on or about March 22, 2000, on divers dates, defendant DEVEAU used checks, wire transfers and cash from a Deveau Tractor, Inc. account No. 340090385 at BSB Bank & Trust Company in Binghamton, New York to transfer $8,217,351.09, more or less, from fraudulent loan proceeds to MAGGIO, and entities controlled by MAGGIO, including but not limited to:

| DATE | AMOUNT | CHECK/WIRE | PAYABLE TO |
|------|--------|------------|------------|
| 2/2/99 | $ 48,081.25 | # 23902 | Earth Management |
| 2/2/99 | $ 41,953.65 | # 23903 | Mass Equipment |
| 4/21/99 | $ 48,500.00 | # 24521 | Mass Equipment |
| 6/24/99 | $ 50,000.00 | # 25104 | Mass Equipment |
| 6/30/99 | $215,500.00 | # 25122 | Metro Trucking |
| 7/26/99 | $ 43,726.31 | # 25359 | Associates Commercial [for benefit C. Maggio] |
| 7/27/99 | $ 36,273.69 | # 25362 | NEC Paving & Equipment [for benefit C. Maggio] |
| 10/7/99 | $191,500.00 | # 25844 | Mass Equipment |
| 10/18/99 | $ 78,000.00 | # 25924 | Earth Management |
| 10/22/99 | $112,000.00 | Wire | American Custom Coach |
| 1/19/00 | $160,800.00 | Wire | Earth Management |
| 2/3/00 | $202,500 | # 26800 | ORIX [for benefit Falcucci Construction] |

39. **KICKBACKS PAID TO DEFENDANT O'NEILL**

A. From and after January 1999 to in or about May of 2000, defendant O'NEILL entered into an agreement to assist defendants MAGGIO and DEVEAU in obtaining and concealing fraudulent commercial loans from CIT Group, for which they paid O'NEILL $100,000, more or less;

B. From on or about April 25, 2000 to April 27, 2000, defendant O'NEILL received from defendant MAGGIO $1,000 as a cash kickback payment for O'NEILL's assistance in obtaining and concealing fraudulent commercial loans from CIT Group;

C. In or about May 2000, at Wilkes Barre, Pennsylvania, defendant O'NEILL received from defendant DEVEAU $30,000, more or less, as a cash kickback payment for O'NEILL's assistance in obtaining and concealing fraudulent commercial loans obtained from CIT Group;

D. On or about August 21, 2000, at Wilkes Barre, Pennsylvania, defendant O'NEILL received from defendant DEVEAU $2,000, more or less, as a cash kickback payment for O'NEILL's assistance in obtaining and concealing fraudulent commercial loans obtained from CIT Group.

40. **FICTITIOUS FINANCIAL RECORDS CREATED BY DEFENDANT HOWE**

A. From in or about January of 1999, to in or about May of 2000, defendant HOWE received from defendant MAGGIO

approximately $ 13,000 for HOWE's assistance in
creating false and fictitious financial records and tax
returns in the names of "straw" borrowers and "dba"
entities in the names of "straw" borrowers, including
defendants PARADISO, HAVEY, and SACCO, and others known
and unknown to the Grand Jury.

41.    **THE "STRAW" LOANS TO PARADISO DBA EARTH MANAGEMENT**

A.    From on or about July 20, 1998 to on or about October
      13, 1999, defendant PARADISO acted as a "straw"
      borrower in connection with twenty (20) fraudulent
      commercial loans in the name of Louis PARADISO dba
      Earth Management for an aggregate amount of
      $4,224,887.45, more or less;

B.    On or about July 15, 1998, defendant PARADISO traveled
      from Massachusetts to Tolland, Connecticut to execute
      Newcourt commercial loan documents;

C.    On or about July 20, 1998, defendants MAGGIO, PARADISO
      and DEVEAU fraudulently caused Newcourt to deliver
      $89,649.00, more or less, to Northeast Truck Sales,
      Inc., and $4,947.26, more or less, to defendant DEVEAU;

D.    In or about July and August 1998, defendant PARADISO
      traveled from Massachusetts to Maine to execute G.E
      Capital commercial loan documents;

19

E.    On or about August 6, 1998, defendants MAGGIO and
      PARADISO fraudulently caused G.E. Capital to deliver
      $97,474.00, more or less, to O'Connor GMC;

F.    On or about July 29, 1998, defendant PARADISO traveled
      from Massachusetts to Maine to execute Volvo Finance
      commercial loan documents for two loans;

G.    On or about August 18, 1998, defendants MAGGIO and
      PARADISO fraudulently caused Volvo Finance to deliv
      two checks in the amount of $101,780.03 each, more
      less, to O'Connor GMC;

H.    On or about February 11, 2000, defendants MAGGIO an
      PARADISO caused Volvo Finance to mail a letter
      regarding $12,189.30 in delinquent loan payments to
      defendant PARADISO at Everett, Massachusetts;

I.    On or about September 9, 1998, defendant PARADISO
      traveled from Massachusetts to Maine to execute
      Associates commercial loan documents;

J.    On or about September 18, 1998, defendants MAGGIO a
      PARADISO fraudulently caused Associates to deliver
      $116,640.00, more or less, to O'Connor GMC;

K.    On or about October 6, 1998, defendant PARADISO
      traveled from Massachusetts to Maine to execute Vol
      Finance commercial loan documents;

L.    On of about October 6, 1998, defendants MAGGIO and
      PARADISO fraudulently caused Volvo Finance to deliver
      $31,365.00 to O'Connor GMC;

M.    On or about November 17, 1998, defendant PARADISO
      executed a personal guaranty for the repayment of a
      $617,400 Newcourt commercial loan;

N.    On or about November 19, 1998, defendants MAGGIO,
      PARADISO and DEVEAU fraudulently caused Newcourt to
      deliver $633,429.00, more or less, to Deveau Tractor,
      and $16,029, more or less, to defendant DEVEAU;

O.    On or about November 30, 1998, defendants PARADISO and
      MAGGIO caused U.S. Bancorp commercial loan documents to
      be executed;

P.    On or about November 30, 1998, defendants MAGGIO and
      PARADISO fraudulently caused U.S. Bancorp to deliver
      $242,593.00 to Al. Brands and O'Connor GMC;

Q.    On or about November 23, 1998, defendants PARADISO and
      MAGGIO caused a commercial loan application and false
      financial records to be submitted to New Holland
      Credit;

R.    On or about December 1, 1998, defendant PARADISO
      executed and caused to be executed a personal guaranty
      for repayment of a New Holland Credit commercial loan;

21

S.   On or about December 3, 1998, defendants MAGGIO,
     PARADISO and DEVEAU fraudulently caused New Holland
     Credit to deliver $168,368.56 to Deveau Tractor;

T.   On or about December 9, 1998, defendants MAGGIO and
     PARADISO caused U.S. Bancorp commercial loan documents
     to be executed;

U.   On or about December 9, 1998, defendants MAGGIO and
     PARADISO fraudulently caused U.S. Bancorp to deliver
     $125,342.00 to Al. Brands and O'Connor GMC;

V.   On or about December 21, 1999, defendants MAGGIO and
     PARADISO and DEVEAU caused false and fraudulent
     financial documents to be submitted to New Holland
     Credit;

W.   On or about December 23, 1998, defendants MAGGIO,
     PARADISO and DEVEAU fraudulently caused New Holland
     Credit to deliver $167,316.00, more or less, to Deveau
     Tractor;

X.   In or about January 1999, defendants MAGGIO and
     PARADISO caused Caterpillar commercial loan documents
     to be executed;

Y.   On or about January 14, 1999, defendants MAGGIO and
     PARADISO fraudulently caused Caterpillar Financial to
     deliver $113,600.00, more or less, to Syracuse Supply
     Co.;

22

Z.    In or about December 1998 to in or about January 1999,
      defendants MAGGIO, PARADISO, DEVEAU and HOWE caused
      false and fictitious financial statements and personal
      tax returns to be submitted to CIT Group;

AA.   On or about December 28, 1998, defendant PARADISO
      executed CIT commercial loan documents, together with a
      Resolution of the Board of Directors of Earth
      Management and a personal Guaranty for repayment of CIT
      Group commercial loans to Earth Management;

BB.   On or about January 15, 1999, defendants MAGGIO,
      PARADISO, DEVEAU and HOWE fraudulently caused CIT Group
      to transfer $398,700 to Deveau Tractor;

CC.   In or about January 1999, defendants MAGGIO and DEVEAU
      falsely represented to New Holland Credit that
      defendant PARADISO dba Earth Management paid a $16,000
      down payment for the purchase of construction equipment
      sold by Deveau Tractor;

DD.   On or about February 1, 1999, defendant PARADISO
      executed and caused to be executed an unconditional
      guaranty for repayment of a New Holland Credit
      commercial loan for $125,000;

EE.   On or about February 2, 1999, defendants MAGGIO,
      PARADISO and DEVEAU fraudulently caused New Holland

23

Credit to deliver $124,994.00, more or less, to Deveau Tractor;

FF.   In or about April, 1999, defendants MAGGIO and PARADISO caused false and fictitious financial statements and individual tax returns in the name of defendant PARADISO to be submitted to New Holland Credit;

GG.   On or about April 21, 1999, defendants MAGGIO, PARADISO and DEVEAU fraudulently caused New Holland Credit to deliver $558,627.24 to Deveau Tractor;

HH.   In or about July 1999, defendants MAGGIO and DEVEAU falsely represented to CIT Group that defendant PARADISO dba Earth Management paid a $15,000 down payment for the purchase of construction equipment from Deveau Tractor;

II.   In or about July 1999, defendants MAGGIO, DEVEAU and PARADISO caused a Resolution of the Board of Directors of Earth Management and a personal Guaranty executed by defendant PARADISO, to be submitted to CIT Group;

JJ.   On or about July 26, 1999, defendants MAGGIO, PARADISO, DEVEAU an d O'NEILL caused CIT Group to deliver $147,138.46, more or less, to Deveau Tractor;

KK.   In or about October 1999, defendants MAGGIO, PARADISO, DEVEAU, O'NEILL and HOWE caused false and fictitious financial statements in the name of defendant PARADISO

dba Earth Management, to be telefaxed to defendant
O'NEILL in Pennsylvania;

LL.  On or about September 2, 1999, defendant O'NEILL
telefaxed the false and fraudulent financial records to
CIT Group and fraudulently recommended that CIT Group
approve the commercial loan;

MM.  On or about September 20, 1999, defendant PARADISO
executed and caused to be executed CIT Group commercial
loan documents;

NN.  On or about October 13, 1999, defendants MAGGIO,
PARADISO, DEVEAU, O'NEILL and HOWE caused CIT Group to
deliver $399,452.12, more or less, to Deveau Tractor
and $16,742.24, more or less, to defendant DEVEAU;

OO.  On or about October 4, 1999, defendants MAGGIO and
DEVEAU falsely represented to CIT Group that defendant
PARADISO dba Earth Management had made a significant
down payment for the purchase of construction equipment
from Deveau Tractor;

PP.  On or about October 14, 1999, defendants MAGGIO and
PARADISO caused New Holland commercial loan documents
to be executed;

QQ.  On or about October 14, 1999, defendants MAGGIO,
PARADISO, DEVEAU and O'NEILL fraudulently caused New

25

Holland to deliver $333,539.00, more or less, to Deveau
Tractor;

42. **THE "STRAW LOANS TO SACCO DBA S & S TRUCKING**

A.   From on or about November 19, 1998 to on or about
     October 6, 1999, defendant SACCO acted as a "straw"
     borrower in connection with nine (9) fraudulent
     commercial loans in the name of Sean SACCO dba S & S
     Trucking aggregating $1,155,651.38, more or less;

B.   On or about November 19, 1998, defendant SACCO traveled
     from Massachusetts to Maine to execute Associates
     commercial loan documents;

C.   On or about November 19, 1999, defendants MAGGIO,
     PARADISO and SACCO caused funds from Earth Management
     to pay the down payment of $12,500 for the purchase of
     a tractor truck from O'Connor GMC in the name of
     defendant SACCO dba S & S Trucking;

D.   On or about November 27, 1998, defendants MAGGIO,
     PARADISO and SACCO caused O'Connor GMC to issue a check
     in the amount of $35,000 payable to Mass Equipment,
     which defendant MAGGIO deposited into a Mass Equipment
     account at Century Bank in Medford, Massachusetts;

E.   On or about December 3, 1998, defendants MAGGIO, SACCO
     and PARADISO fraudulently caused Associates to deliver
     $112,163.00, more or less, to O'Connor GMC;

26

F.   In or about December 1998, defendant DEVEAU assisted
     defendants MAGGIO and SACCO to obtain a U.S. Bancorp
     commercial loan;

H.   On or about December 31, 1998, defendants MAGGIO and
     SACCO caused U.S. Bancorp commercial loan documents to
     be executed;

I.   On or about January 6, 1999, defendants MAGGIO, SACCO
     and DEVEAU fraudulently caused U.S. Bancorp to deliver
     $138,239.00, more or less, to Al. Brands;

J.   In or about December 1998 to in or about January 1999,
     defendants MAGGIO and SACCO caused a fraudulent
     commercial loan application to be submitted to Volvo
     Finance;

K.   On or about December 31, 1998, defendants MAGGIO,
     PARADISO and SACCO caused funds from Earth Management
     to pay the down payment of $13,240 for the purchase of
     a tractor truck from O'Connor GMC by defendant SACCO
     dba S & S Trucking;

L.   On or about January 8, 1999, defendants MAGGIO, SACCO
     and PARADISO fraudulently caused Volvo Finance to
     deliver $121,958.00, more or less, to O'Connor GMC;

M.   On or about December 31, 1998, defendants MAGGIO,
     PARADISO and SACCO caused O'Connor GMC to issue a check

27

in the amount of $70,046.00, more or less, payable to
Mass Equipment;

N.   On or about December 28, 1998, defendants MAGGIO,
SACCO, HOWE and DEVEAU caused a New Holland commercial
loan application, together with false and fictitious
financial records and individual tax returns in the
name(s) of defendant SACCO and S & S Trucking to be
delivered to New Holland Credit;

O.   On or about February 10, 1999, defendant SACCO executed
a Guaranty for the repayment of the New Holland
commercial loan;

P.   On or about February 12, 1999, defendants MAGGIO, SACCO
and DEVEAU fraudulently caused New Holland Credit to
deliver $133,150.00, more or less, to Deveau Tractor;

Q.   On or about March 8, 1999, defendant SACCO traveled
from Massachusetts to Maine to execute U.S. Bancorp
commercial loan documents;

R.   On or about March 8, 1999, defendants MAGGIO and SACCO
fraudulently caused U.S. Bancorp to deliver $125,300,
more or less, to O'Connor GMC;

S.   On or about February 19, 1999, Defendant SACCO traveled
from Massachusetts to Maine to execute Volvo Finance
commercial loan documents;

T.   On or about March 10, 1999, defendants MAGGIO and SACCO
     fraudulently caused Volvo Finance to deliver
     $124,702.24, more or less, to O'Connor GMC;

U.   On or about April 2, 1999, defendant SACCO traveled
     from Massachusetts to Maine to execute Textron
     commercial loan documents;

V.   On or about April 7, 1999, defendants MAGGIO and SACCO
     fraudulently caused Textron to deliver $117,000, more
     or less, to Al. Brands;

W.   On or about April 7, 1999, defendants MAGGIO and SACCO
     caused O'Connor GMC to issue a check in the amount of
     $35,023.00, more or less, payable to Mass Equipment,
     which defendant MAGGIO deposited into a Mass Equipment
     account at Century Bank in Malden, Massachusetts;

X.   In or about June 1999, defendants MAGGIO, SACCO, DEVEAU
     and O'NEILL falsely represented to CIT Group that
     defendant PARADISO dba Earth Management made a down
     payment to purchase a Volvo truck from Deveau Tractor;

Y.   On or about June 25, 1999, defendants MAGGIO, SACCO,
     DEVEAU and O'NEILL fraudulently caused CIT Group to
     deliver $82,359.34, more or less, to Deveau Tractor;

Z.   On or about October 2, 1999, defendants MAGGIO, SACCO,
     DEVEAU and O'NEILL falsely represented to CIT Group
     that defendant PARADISO dba Earth Management had made a

29

significant down payment for the purchase of five (5)
Accu-Tek Dump Trailers from Deveau Tractor;

AA.   On or about October 2, 1999, defendant O'NEILL
fraudulently recommended that CIT Group approve the
commercial loan to defendant SACCO dba S & S Trucking;

BB.   On or about October 2, 1999, defendant DEVEAU traveled
to Massachusetts for defendant SACCO to execute CIT
Group commercial loan documents;

CC.   On or about October 6, 1999, defendants MAGGIO, SACCO,
DEVEAU and O'NEILL fraudulently caused CIT Group to
deliver $200,779.80, more or less, to Deveau Tractor
and $9,279.80, more or less, to defendant DEVEAU;

43.   **THE "STRAW" LOANS TO MATT HAVEY AND TO
HAVEY DBA METRO CRUSHING AND DBA METRO TRANSPORTATION**

A.    From on or about June 14, 1999 to on or about October
20, 1999, defendant HAVEY acted as a "straw" borrower
in connection with twelve (12) fraudulent commercial
loans in the name of Matt HAVEY, Matt HAVEY dba Metro
Crushing, and Matt HAVEY dba Metro Transportation, for
an aggregate amount of $2,126,552.52, more or less;

B.    In or about June 1999, defendant HAVEY met with
defendants MAGGIO and DEVEAU at a construction site in
Lynnfield; Massachusetts;

C.    From on or about June 9, 1999 to on or about June 14,
1999, defendants MAGGIO, HAVEY, HOWE and DEVEAU caused

30

false and fictitious financial records in the name of
defendant HAVEY dba Metro Crushing to be delivered to
New Holland Credit;

D.    On or about June 23, 1999, defendants HAVEY and MAGGIO
created a Massachusetts entity in the name of defendant
HAVEY dba Metro Crushing;

E.    On or about June 24, 1999, defendants MAGGIO and HAVEY
caused New Holland Credit commercial loan documents to
be executed;

F.    On or about June 29, 1999, defendants MAGGIO, HAVEY,
HOWE and DEVEAU fraudulently caused New Holland Credit
to deliver $223,807.28 to Deveau Tractor;

G.    On or about June 18, 1999, defendants MAGGIO, HAVEY,
HOWE, DEVEAU and O'NEILL caused a fraudulent commercial
loan application, together with false and fictitious
financial records to be submitted tp CIT Group;

H.    On or about July 21, 1999, defendants MAGGIO, HAVEY,
HOWE, DEVEAU and O'NEILL fraudulently caused CIT Group
to deliver $125,442.95, more or less, to Deveau Tractor
and $4,722.95, more or less, to defendant DEVEAU;

I.    On or about July 26, 1999, defendant HAVEY traveled
from Massachusetts to Maine to execute Volvo Finance
commercial loan documents;

31

J.   On or about July 26, 1999, defendants MAGGIO and HAVEY
     caused O'Connor GMC to issue a check in the amount of
     $70,046 payable to Mass Equipment, which defendant
     MAGGIO deposited into a Mass Equipment account at
     Century Bank in Medford, Massachusetts;

K.   On or about August 2, 1999, defendants MAGGIO and HAVEY
     fraudulently caused Volvo Finance to deliver $262,538,
     more or less, to O'Connor GMC;

L.   On or about July 21, 1999, defendants MAGGIO and HAVEY
     caused a caused a false and fraudulent commercial loan
     application to be submitted to Associates at
     Westborough, Massachusetts for two loans;

M.   On or about July 30, 1999, defendants MAGGIO, HAVEY and
     PARADISO caused a check in the amount of $13,500 from
     defendant PARADISO dba Earth Management to be paid to
     O'Connor as the down payment for purchase of two
     trucks for defendant HAVEY dba Metro Transportation;

N.   On or about July 30, 1999, defendant HAVEY traveled
     from Massachusetts to Maine to execute Associates
     commercial loan documents for two loans;

O.   On or about July 30, 1999, defendants MAGGIO and HAVEY
     caused O'Connor GMC to issue a check in the amount of
     $70,046.00 payable to Mass Equipment, which defendant

MAGGIO deposited into a Mass Equipment account at
Century Bank in Medford, Massachusetts;

P.   On or about August 4, 1999, defendants MAGGIO and HAVEY
     fraudulently caused Associates to deliver $136,350.00,
     more or less, to O'Connor GMC;

Q.   On or about August 18, 1999, defendants MAGGIO and
     HAVEY fraudulently caused Associates to deliver
     $121,500, more or less, payable to O'Connor GMC;

R.   On or about August 9, 1999, defendant HAVEY traveled
     from Massachusetts to Maine to execute ORIX commercial
     loan documents for two loans, including a Guaranty for
     the repayment of the ORIX commercial loans;

S.   On or about August 12, 1999, defendants MAGGIO and
     HAVEY fraudulently caused ORIX to deliver $261,611.17,
     more or less, to O'Connor GMC;

T.   On or about August 12, 1999, defendant HAVEY traveled
     from Massachusetts to Maine to execute G.E. Capital
     commercial loan documents for two loans;

U.   On or about August 12, 1999, defendants MAGGIO and
     HAVEY fraudulently caused G.E. Capital to deliver
     $258,560.00, more or less, to O'Connor GMC.;

V.   On or about August 16, 1999, defendants MAGGIO and
     HAVEY caused O'Connor GMC to issue a check in the
     amount of $62,046.00 payable to Mass Equipment, which

33

defendant Maggio deposited into a Mass Equipment
account at Century Bank in Medford, Massachusetts;

W.    On or about August 30, 1999, defendant HAVEY traveled
from Massachusetts to Maine to execute Green Tree
commercial loan documents;

X.    On or about August 27, 1999, defendants MAGGIO and
HAVEY caused O'Connor GMC to issue a check in the
amount of $35,023.00 payable to Mass Equipment, which
defendant MAGGIO deposited in a Mass Equipment account
at Century Bank in Malden, Massachusetts;

Y.    On or about September 1, 1999, defendants MAGGIO and
HAVEY fraudulently caused Green Tree to deliver
$115,963.00, more or less, to O'Connor GMC;

Z.    On or about October 12, 1999, defendants MAGGIO and
HAVEY caused a Limited Power of Attorney to be mail
to Green Tree at Bloomington, Minnesota;

AA.   In or about October 1999, defendants MAGGIO, HAVEY,
HOWE and DEVEAU caused a fraudulent commercial loan
application, together with false and fictitious
financial records in the name of defendant HAVEY db
Metro Crushing to be submitted to New Holland;

BB.   On or about October 18, 1999, defendants MAGGIO and
HAVEY caused New Holland commercial loan documents to
be executed;

34

CC.   On or about October 22, 1999, defendants MAGGIO, HAVEY, HOWE and DEVEAU fraudulently caused New Holland to deliver $620,730.12 to Deveau Tractor.

44.   **FRAUDULENT MULTIPLE FINANCING BY DEFENDANTS MAGGIO, DEVEAU, O'NEILL AND HOWE**

A.   On or about June 4, 1999, defendant MAGGIO and others known and unknown to the Grand Jury funded the purchase of a 2000 Volvo ACL64FT tractor truck with VIN NO. 4V4SD2JH4YN520556 from O'Connor GMC by fraudulently obtaining $128,112.83, more or less, from ORIX Credit in the name AF#2 dba Falcucci Construction Co., Inc.;

B.   On or about January 12, 2000, defendants MAGGIO and DEVEAU fraudulently applied for a commercial loan from CIT Group by falsely representing that AF#1 doing business as A. Fenno & Sons bought the 2000 Volvo ACL64FT tractor truck with VIN NO. 4V4SD2JH4YN520556 from O'Connor GMC, and by concealing from CIT Group the facts that the Volvo ACL64FT tractor truck was owned by AF#2 dba Falcucci Construction Co., Inc. and that ORIX Credit held a prior lien on the vehicle;

C.   On or about January 12, 2000, defendants MAGGIO, DEVEAU HOWE and O'NEILL caused false and fictitious financial documents created by defendant HOWE to be submitted to CIT Group in the name of AF#1 dba A. Fenno & Sons;

35

D.  On or about January 18, 2000, defendants MAGGIO,
    DEVEAU, O'NEILL and HOWE fraudulently caused CIT Group
    to deliver commercial loan proceeds in the amount of
    $168,574.08 to Deveau Tractor;

E.  On or about February 2, 2000, defendants MAGGIO and
    DEVEAU fraudulently applied for an additional
    commercial loan from CIT Group by falsely representing
    that AF#1 dba A. Fenno & Sons bought the 2000 Volvo
    ACL64FT tractor truck with VIN NO. 4V4SD2JH4YN520556
    from Deveau Tractor, and by concealing from CIT Group
    the facts that the Volvo ACL64FT tractor truck was
    owned by AF#2 dba Falcucci Construction, Co., Inc., and
    that both ORIX Credit and CIT Group had prior liens on
    the vehicle;

F.  On or about January 25, 2000, defendants MAGGIO, DEVEAU
    and HOWE caused false and fictitious financial
    documents in the name of A. Fenno & Sons to be
    submitted to defendant O'NEILL on behalf of CIT Group;

G.  On or about January 25, 2000, defendant O'NEILL
    fraudulently recommended to CIT Group that the
    commercial loan should be approved;

H.  On or about February 2, 2000, defendants MAGGIO,
    DEVEAU, O'NEILL and HOWE fraudulently caused CIT Group

36

to deliver commercial loan proceeds in the amount of
$165,817.53, more or less, to Deveau Tractor;

45. **FRAUDULENT SALES OF VEHICLES**

A.   On or about August 18, 1998, defendants MAGGIO and
PARADISO fraudulently caused Volvo Finance to finance
the purchase of a 1999 Volvo ACL4BT truck with VIN No.
4VGSDBCJ5XN519243 in the name of PARADISO dba Earth
Management;

B.   In or about May of 2000, defendant MAGGIO fraudulently
obtained a substitute title to the 1999 Volvo ACL4BT
which contained false and fictitious ownership and
concealed the lien held by Volvo Finance;

C.   In or about May of 2000, defendant MAGGIO used the
substitute title to fraudulently sell the 1999 Volvo
ACL4BT truck with VIN No. 4VGSDBCJ5XN519243 to
Barnaby's Truck & Equipment, Inc., located in
Kensington, New Hampshire, which resold the truck to
Stadium International Trucks, Inc., located in
Liverpool, New York;

D.   On or about November 30, 1998, defendants MAGGIO and
PARADISO fraudulently caused U.S. Bancorp to finance
the purchase of a 1999 Volvo ACL4BT truck with VIN No.
4VGSDBCJ5XN519790 in the name of defendant PARADISO dba
Earth Management;

E.  On or about May 4, 2000, defendant MAGGIO caused a
    fraudulent application for duplicate title to the 1999
    Volvo ACL4BT to be filed with the Massachusetts
    Registry of Motor Vehicles in the name of AF#2 dba
    Falcucci Construction Co., Inc.  The application
    falsely stated that the 1999 Volvo ACL4BT had been sold
    by U.S. Bancorp to AF#2 dba Falcucci Construction Co.,
    Inc. on July 1, 1999;

F.  In or about May 2000, defendant MAGGIO used a duplicate
    title to fraudulently sell the 1999 Volvo ACL4BT truck
    with VIN No. 4VGSDBCJ5XN519790 to Barnaby's Truck &
    Equipment, Inc., located in Kensington, New Hampshire,
    which resold the truck to Stadium International Trucks,
    Inc., located in Liverpool, New York;

G.  From in or about June 1999 to February 2000, defendants
    MAGGIO, DEVEAU, O'NEILL and HOWE fraudulently caused
    ORIX Credit and CIT Group to finance purported
    successive purchases of a 2000 Volvo ACL64FT tractor
    truck with VIN No. 4V4SD2JH4YN520556;

H.  The ORIX commercial loan for the 2000 Volvo ACL64FT was
    obtained by defendants MAGGIO, DEVEAU, and HOWE in the
    name of AF#2 dba Falcucci Construction Co., Inc.;

I.  The two CIT Group commercial loans for the 2000 Volvo
    ACL64FT were obtained by defendants MAGGIO, DEVEAU,

38

O'NEILL and HOWE in the name of AF#1 dba A. Fenno & Sons;

J.    In or about May 2000, defendant MAGGIO fraudulently obtained a substitute title for the 2000 Volvo ACL64FT which falsely represented that AF#2 dba Falcucci Construction Co, Inc. owned the vehicle, and which concealed the fact that CIT Group held two prior liens on the vehicle;

K.    In or about May 2000, defendant MAGGIO used a duplicate title to fraudulently sell the 2000 Volvo ACL64FT tractor truck with VIN No. 4V4SD2JH4YN520556 to Barnaby's Truck & Equipment, Inc., located in Kensington, New Hampshire, which resold the truck to Stadium International Trucks, Inc. located, in Liverpool, New York;

46.  **OBSTRUCTION OF AUDIT REVIEW OF CIT GROUP LOANS**

A.    In or about April 2000, defendant O'NEILL notified defendants DEVEAU and MAGGIO of the fact that CIT Group intended to conduct an audit review of the CIT Group commercial loans, including a review of defendant DEVEAU's records;

B.    On or about April 25, 2000, defendant O'NEILL traveled to Everett, Massachusetts to meet with defendants

39

MAGGIO and DEVEAU for the purpose of concealing the
fraudulent nature of the CIT Group commercial loans;

C.    From on or about April 25, 2000 to on or about April
27, 2000, defendants O'NEILL, MAGGIO and DEVEAU
discussed the fact that applications submitted for CIT
Group commercial loans contained, among others, the
false representation that down payments had been paid
in connection with purported purchases and leases of
equipment from Deveau Tractor;

D.    From on or about April 25, 2000 to on or about April
27, 2000, defendant O'NEILL recited to defendants
DEVEAU and MAGGIO the amounts CIT Group had funded and
the corresponding fictitious down payment fraudulenty
reported on CIT Group loan applications;

E.    From in or about April 25, 2000 to April 27, 2000,
defendant O'NEILL directed defendants DEVEAU and MAIO
to create fictitious records which falsely reflecte
that down payments had been made in connection with IT
Group commercial loans aggregating $5,336,635.00;;

F.    From and after April 25, 2000, defendants O'NEILL,
DEVEAU and MAGGIO created fictitious records of dow
payments for insertion into Deveau Tractor files ir
preparation for the audit by CIT Group;

G.    On or about April 27, 2000, defendant MAGGIO paid to
defendant O'NEILL $1,000 in cash as a kickback payment
for O'NEILL's assistance in concealing the fraudulent
nature of the CIT Group commercial loans.


All in violation of Title 18, United States Code, Section
371.

## COUNT TWO

### WIRE FRAUD
### (Title 18, United States Code, Section 1343)

The Grand Jury further charges:

47.   Paragraphs 1 through 5, 8, 19 through 20, and 25 through 41 are re-alleged and incorporated as if fully set forth herein.

48.   On or about September 2, 1999, at Medford and Malden in the District of Massachusetts, and elsewhere,

1. **PETER V. MAGGIO**

2. **JEFFREY A. DEVEAU**

3. **MICHAEL R. O'NEILL**

4. **WILLIAM A. HOWE**

**and**

5. **LOUIS A. PARADISO**

defendants herein, together with others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud CIT Group of $399,452.14, more or less, by intentionally and knowingly materially misrepresenting the identities of the true purchaser and lessor of trucks and construction equipment, withholding and materially misrepresenting the true owner and user of purchased and leased trucks and construction equipment, withholding and materially misrepresenting the persons and entities to be responsible for repayment of commercial loans, materially misrepresenting the income and employment of purported purchasers and lessors of trucks and construction equipment, and

42

materially misrepresenting the true nature of purported "dba" entities used to obtain commercial loans,

and for the purpose of executing and in further execution of their scheme and artifice to defraud, the defendants caused false and fraudulent financial information in the name of defendant PARADISO dba Earth Management to be transmitted by means of wire communication (telefax) in interstate commerce from Earth Management at Medford and Malden, Massachusetts to West Chester, Pennsylvania on or about September 2, 1999.

All in violation of Title 18, United States Code, Sections 1343 and 2.

43

## COUNT THREE

### WIRE FRAUD
### (Title 18, United States Code, Section 1343)

The Grand Jury further charges:

49.  Paragraphs 1 through 5, 8, 19 through 20, and 25 through 41 are re-alleged and incorporated as if fully set forth herein.

50.  From on or about September 2, 1999 to on or about October 13, 1999, at Medford in the District of Massachusetts, and elsewhere,

1.  **PETER V. MAGGIO**
2.  **JEFFREY A. DEVEAU**
3.  **MICHAEL R. O'NEILL**
4.  **WILLIAM A. HOWE**

and

5.  **LOUIS A. PARADISO**

defendants herein, together with others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud CIT Group of $399,452.14, more or less, by intentionally and knowingly materially misrepresenting the identities of the true purchaser and lessor of trucks and construction equipment, withholding and materially misrepresenting the true owner and user of purchased and leased trucks and construction equipment, withholding and materially misrepresenting the persons and entities to be responsible for repayment of commercial loans,

44

materially misrepresenting the income and employment of purported purchasers and lessors of trucks and construction equipment, and materially misrepresenting the true nature of purported "dba" entities used to obtain commercial loans,

and for the purpose of executing and in further execution of their scheme and artifice to defraud, the defendants caused a commercial loan insurance binder in the name of defendant PARADISO dba Earth Management to be transmitted by means of wire communication (telefax) in interstate commerce from Paul Murphy Insurance Co. at Malden, Massachusetts to CIT Group at Tempe, Arizona on or about October 13, 1999.

All in violation of Title 18, United States Code, Sections 134 and 2.

## COUNT FOUR

### WIRE FRAUD
### (Title 18, United States Code, Section 1343)

The Grand Jury further charges:

51.   Paragraphs 1 through 5, 8, 19 through 20, and 25 through 41 are re-alleged and incorporated as if fully set forth herein.

52.   From on or about October 4, 1999 to on or about October 14, 1999, at Malden in the District of Massachusetts, and elsewhere,

1.   **PETER V. MAGGIO**

2.   **JEFFREY A. DEVEAU**

4.   **WILLIAM A. HOWE**

and

5.   **LOUIS A. PARADISO**

defendants herein, together with others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud New Holland Credit of $333,539.00, more or less, by intentionally and knowingly materially misrepresenting the identities of the true purchaser and lessor of trucks and construction equipment, withholding and materially misrepresenting the true owner and user of purchased and leased trucks and construction equipment, withholding and materially misrepresenting the persons and entities to be responsible for repayment of commercial loans, materially misrepresenting the income and employment of purported purchasers and lessors of trucks and construction equipment, and

46

materially misrepresenting the true nature of purported "dba" entities used to obtain commercial loans,

and for the purpose of executing and in further execution of their scheme and artifice to defraud, the defendants caused a commercial loan insurance binder in the name of defendant PARADISO dba Earth Management to be transmitted by means of wire communication (telefax) in interstate commerce from Paul Murphy Insurance Co. at Malden, Massachusetts to New Holland Credit at New Holland, Pennsylvania on or about October 13, 1999.

All in violation of Title 18, United States Code, Sections 1 and 2.

47

## COUNT FIVE

### MAIL FRAUD
### (Title 18, United States Code, Section 1341)

The Grand Jury further charges:

53.  Paragraphs 1 through 5, 13, 19 through 20, and 25 through 41 are re-alleged and incorporated as if fully set forth herein.

54.  From on or about July 29, 1998 to on or about February 11, 2000, at Medford, Malden and Everett in the District of Massachusetts,

### 1.  PETER V. MAGGIO

### 4.  WILLIAM A. HOWE

### and

### 5.  LOUIS A. PARADISO

defendants herein, together with others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud Volvo Finance of $101,780.03 on each of two loans for the aggregate amount of $203,560.06, more or less, by intentionally and knowingly materially misrepresenting the identities of the true purchaser and lessor of trucks and construction equipment, withholding and materially misrepresenting the true owner and user of purchased and leased trucks and construction equipment, withholding and materially misrepresenting the persons and entities to be responsible for repayment of commercial loans, materially misrepresenting the income and employment of purported

48

purchasers and lessors of trucks and construction equipment, and materially misrepresenting the true nature of purported "dba" entities used to obtain commercial loans,

and for the purpose of executing and in further execution of their scheme and artifice to defraud, the defendants, together with others known and unknown to the Grand Jury, caused to be placed in the U.S. Mails, or other authorized private or commercial carrier, a Volvo Finance letter regarding delinquent commercial loan payments in the amount of $12,189.30 in the name of defendant PARADISO dba Earth Management on or about February 11, 2000.

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SIX

### MAIL FRAUD
### (Title 18, United States Code, Section 1341)

The Grand Jury further charges:

55.    Paragraphs 1 through 4, 7 through 8, 19 through 20, 25 through 40, and 42 are re-alleged and incorporated as if fully set forth herein.

56.    From on or about October 2, 1999 to on or about October 6, 1999, at Medford, Boston, and Wilmington in the District of Massachusetts,

           **1.    PETER V. MAGGIO**

           **2.    JEFFREY A. DEVEAU**

           **3.    MICHAEL R. O'NEILL**

           **4.    WILLIAM A. HOWE**

                 **and**

           **7.    SEAN SACCO**

defendants herein, together with others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud CIT Group of $200,779.80, more or less, by intentionally and knowingly materially misrepresenting the identities of the true purchaser and lessor of trucks and construction equipment, withholding and materially misrepresenting the true owner and user of purchased and leased trucks and construction equipment, withholding and materially misrepresenting the persons and entities to be responsible for repayment of commercial loans,

50

materially misrepresenting the income and employment of purported purchasers and lessors of trucks and construction equipment, and materially misrepresenting the true nature of purported "dba" entities used to obtain commercial loans,

and for the purpose of executing and in further execution of their scheme and artifice to defraud, the defendants, together with others known and unknown to the Grand Jury, caused to be placed in the U.S. Mails, or other authorized private or commercial carrier, CIT Group UCC-1 Form  in the name of defendant SACCO dba S & S Trucking on or about October 6, 1999.

All in violation of Title 18, United States Code, Sections 1341 and 2.

51

## COUNT SEVEN

### WIRE FRAUD
### (Title 18, United States Code, Section 1343)

The Grand Jury further charges:

57.    Paragraphs 1 through 4, 6, 14, 19 through 20, 25 through 40, and 43 are re-alleged and incorporated as if fully set forth herein.

58.    From on or about August 9, 1999 to on or about August 12, 1999, at Medford and Malden in the District of Massachusetts, and elsewhere,

**1.  PETER V. MAGGIO**

**4.  WILLIAM A. HOWE**

**and**

**6.  MATT A. HAVEY**

defendants herein, together with others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud ORIX of $261,611.17, more or less, by intentionally and knowingly materially misrepresenting the identities of the true purchaser and lessor of trucks and construction equipment, withholding and materially misrepresenting the true owner and user of purchased and leased trucks and construction equipment, withholding and materially misrepresenting the persons and entities to be responsible for repayment of commercial loans, materially misrepresenting the income and employment of purported purchasers and lessors of trucks and construction equipment, and materially

52

misrepresenting the true nature of purported "dba" entities used to obtain commercial loans,

and for the purpose of executing and in further execution of their scheme and artifice to defraud, defendants PETER V. MAGGIO and MATT A. HAVEY caused a commercial loan insurance binder in the name of defendant HAVEY dba Metro Transportation to be transmitted by means of wire communication (telefax) in interstate commerce from Paul Murphy Insurance Co. at Malden, Massachusetts to ORIX at Paramus, New Jersey on or about August 12, 1999.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

### MAIL FRAUD
### (Title 18, United States Code, Section 1341)

The Grand Jury further charges:

59.    Paragraphs 1 through 4, 6, 16, 19 through 20, 25 through 40, and 43 are re-alleged and incorporated as if fully set forth herein.

60.    From on or about August 30, 1999 to on or about October 12, 1999, at Medford and Malden in the District of Massachusetts,

### 1.    PETER V. MAGGIO

### 4.    WILLIAM A. HOWE

### and

### 6.    MATT A. HAVEY

defendants herein, together with others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud Green Tree of $115,963.00, more or less, by intentionally and knowingly materially misrepresenting the identities of the true purchaser and lessor of trucks and construction equipment, withholding and materially misrepresenting the true owner and user of purchased and leased trucks and construction equipment, withholding and materially misrepresenting the persons and entities to be responsible for repayment of commercial loans, materially misrepresenting the income and employment of purported purchasers and lessors of trucks and construction equipment, and materially

54

misrepresenting the true nature of purported "dba" entities used to obtain commercial loans,

and for the purpose of executing and in further execution of their scheme and artifice to defraud, the defendants, together with others known and unknown to the Grand Jury, caused to be placed in the U.S. Mails, or other authorized private or commercial carrier, a Cover Letter and Limited Power of Attorney in the name of defendant HAVEY dba Metro Transportation on or about October 12, 1999.

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS NINE THROUGH ELEVEN

## INTERSTATE TRANSPORTATION OF STOLEN PROPERTY
### (Title 18, United States Code, Section 2314)

The Grand Jury further charges:

61.   Paragraphs 1 through 22 and 25 through 45 are realleged and incorporated as if fully set forth herein.

62.   In or about May 2000, in connection with property obtained through and as a result of the offense set forth in Count One of this Indictment, and more particularly set forth in paragraphs 45A through K, at Boston and Medford in the District of Massachusetts, and elsewhere,

### PETER V. MAGGIO

did willfully and knowingly transport, transmit and transfer in interstate commerce, property with a value greater than $5,000, knowing the same to have been stolen, converted and taken by fraud, to wit:

| COUNT | TRACTOR TRUCK | INTERSTATE TRANSPORT |
|-------|---------------|----------------------|
| 9 | 1999 Volvo ACL4BT VIN #4VGSDBCJ5XN519243 | From Massachusetts to Barnaby's Truck in New Hampshire and Stadium Trucks in New York |
| 10 | 1999 Volvo ACL4BT VIN #4VGSDBCJ5XN519790 | From Massachusetts to Barnaby's Truck in New Hampshire and Stadium Trucks in New York |
| 11 | 2000Volvo ACL64FT VIN #4V4SD2JH4YN520556 | From Massachusetts to Barnaby's Truck in New Hampshire and Stadium Trucks in New York |

All in violation of Title 18, United States Code, Section 2314 and 2.

## NOTICE OF ADDITIONAL FACTORS

The Grand Jury further charges that:

63.    The offense charged in Count One of this Superseding Indictment (Conspiracy in violation of 18 U.S.C. § 371):

A.    commenced in approximately July 1998 and continued until approximately May 2000;

B.    involved a loss exceeding $10,000,000, as described in U.S.S.G. §2F1.1(b)(1)(P);

C.    involved more than minimal planning as described in U.S.S.G. §2F1.1(b)(2);

64.    The offense charged in Count Two of this Superseding Indictment (Wire Fraud in violation of 18 U.S.C. 1343)involved:

A.    a loss exceeding $350,000, as described in U.S.S.G. §2F1.1(b)(1)(J), not including relevant conduct within the scope of U.S.S.G. §1B1.3;

B.    a loss exceeding $10,000,000, as described in U.S.S.G. §2F1.1(b)(1)(P), including relevant conduct within the scope of U.S.S.G. §1B1.3;

65.    The offense charged in Count Three of this Superseding Indictment (Wire Fraud in violation of 18 U.S.C. 1343)involved:

A.    a loss exceeding $350,000, as described in U.S.S.G. §2F1.1(b)(1)(J), not including relevant conduct within the scope of U.S.S.G. §1B1.3;

B.    a loss exceeding $10,000,000, as described in U.S.S.G. §2F1.1(b)(1)(P), including relevant conduct within the scope of U.S.S.G. §1B1.3;

66.    The offense charged in Count Four of this Superseding Indictment (Wire Fraud in violation of 18 U.S.C. 1343)involved:

A.    a loss exceeding $200,000, as described in U.S.S.G. §2F1.1(b)(1)(I), not including relevant conduct within the scope of U.S.S.G. §1B1.3;

B.    a loss exceeding $10,000,000, as described in U.S.S.G. §2F1.1(b)(1)(P), including relevant conduct within the scope of U.S.S.G. §1B1.3;

67.    The offense charged in Count Five of this Superseding Indictment (Mail Fraud in violation of 18 U.S.C. 1341)involved:

A.    a loss exceeding $200,000, as described in U.S.S.G. §2F1.1(b)(1)(I), not including relevant conduct within the scope of U.S.S.G. §1B1.3;

B.    a loss exceeding $10,000,000, as described in U.S.S.G. §2F1.1(b)(1)(P), including relevant conduct within the scope of U.S.S.G. §1B1.3;

68.    The offense charged in Count Six of this Superseding Indictment (Mail Fraud in violation of 18 U.S.C. 1341)involved:

A.    a loss exceeding $200,000, as described in U.S.S.G. §2F1.1(b)(1)(I), not including relevant conduct within the scope of U.S.S.G. §1B1.3;

B.    a loss exceeding $10,000,000, as described in U.S.S.G.
§2F1.1(b)(1)(P), including relevant conduct within the
scope of U.S.S.G. §1B1.3;

69.   The offense charged in Count Seven of this Superseding
Indictment (Wire Fraud in violation of 18 U.S.C. 1343)involved:

A.    a loss exceeding $200,000, as described in U.S.S.G.
§2F1.1(b)(1)(I), not including relevant conduct within
the scope of U.S.S.G. §1B1.3;

B.    a loss exceeding $10,000,000, as described in U.S.S.G.
§2F1.1(b)(1)(P), including relevant conduct within the
scope of U.S.S.G. §1B1.3;

70.   The offense charged in Count Eight of this Superseding
Indictment (Mail Fraud in violation of 18 U.S.C. 1341)involved:

A.    a loss exceeding $70,000, as described in U.S.S.G.
§2F1.1(b)(1)(G), not including relevant conduct within
the scope of U.S.S.G. §1B1.3;

B.    a loss exceeding $10,000,000, as described in U.S.S.G.
§2F1.1(b)(1)(P), including relevant conduct within the
scope of U.S.S.G. §1B1.3;

71.   The offense charged in Count Nine of this Superseding
Indictment (Interstate Transportation of Stolen Property in
violation of 18 U.S.C. § 2314)involved:

A.   a loss exceeding $70,000, as described in U.S.S.G.
     §2B1.1(b)(1)(I), not including relevant conduct within
     the scope of U.S.S.G. §1B1.3;

B.   a loss exceeding $10,000,000, as described in U.S.S.G.
     §2F1.1(b)(1)(P), including relevant conduct within the
     scope of U.S.S.G. §1B1.3;

72.  The offense charged in Count Ten of this Superseding
Indictment (Interstate Transportation of Stolen Property in
violation of 18 U.S.C. § 2314)involved:

A.   a loss exceeding $200,000, as described in U.S.S.G.
     §2B1.1(b)(1)(K), not including relevant conduct within
     the scope of U.S.S.G. §1B1.3;

B.   a loss exceeding $10,000,000, as described in U.S.S.G.
     §2F1.1(b)(1)(P), including relevant conduct withiñ the
     scope of U.S.S.G. §1B1.3;

73.  The offense charged in Count Eleven of this Superseding
Indictment (Interstate Transportation of Stolen Property in
violation of 18 U.S.C. § 2314)involved:

A.   a loss exceeding $200,000, as described in U.S.S.G.
     §2B1.1(b)(1)(K), not including relevant conduct within
     the scope of U.S.S.G. §1B1.3;

B.   a loss exceeding $10,000,000, as described in U.S.S.G.
     §2F1.1(b)(1)(P), including relevant conduct within the
     scope of U.S.S.G. §1B1.3;

74. With respect to each count of the Superseding Indictment in which he is charged, defendant MAGGIO was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive, as described in U.S.S.G. §3B1.1(a).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

VICTOR A. WILD
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS,

AUGUST ___12___, 2004

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk

62

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| *v.* | ) **Criminal No. 04-10231-MLW** |
| | ) |
| **PETER V. MAGGIO, III,** | ) |
| **JEFFREY A. DEVEAU,** | ) |
| **MICHAEL R. O'NEILL,** | ) |
| **WILLIAM A. HOWE,** | ) |
| **LOUIS A. PARADISO,** | ) |
| **MATT A. HAVEY,  and** | ) |
| **SEAN SACCO** | ) |

I, the duly appointed foreperson of the grand jury of this court, begun and held at Boston, Massachusetts on the 12th day of August, 2004, do hereby file with the clerk of the court as required by Rule 6(c) of the Federal Rules of Criminal Procedure, a record of the number of grand jurors concurring in the finding of indictment in the above case, which record shall not be made public except upon order of the court:

\_\_\_\_\_19\_\_\_\_\_  grand jurors concurring

_____
                                                    Foreperson

_____8-12-04_____
                                                    Date

✎JS 45  (5/97) – (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**                    <u>U.S. District Court - District of Massachusetts</u>

**Place of Offense:**  <u>Massachusetts</u>    **Category No.** <u>1</u>    **Investigating Agency** <u>FBI</u>

**City**  <u>Malden</u>    **Related Case Information:**

**County**  <u>Middlesex</u>
Superseding Ind./ Inf.  <u>X</u>    Case No.  <u>04-10231-MLW</u>
Same Defendant  <u>X</u>    New Defendant _____
Magistrate Judge Case Number  _____
Search Warrant Case Number  _____
R 20/R 40 from District of  _____

**Defendant Information:**

Defendant Name  <u>Peter V. Maggio, III</u>    Juvenile  ☐ Yes  ☒ No

Alias Name  _____

Address  <u>Bureau of Prisons</u>

Birth date (Year only):  <u>66</u>    SSN (last 4 #):  <u>7268</u>  Sex <u>M</u> Race:  _____  Nationality _____

**Defense Counsel if known:**  <u>James M. Merberg</u>    Address: <u>66 Long Wharf</u>
<u>Boston, MA 02110</u>

**Bar Number:**  _____

**U.S. Attorney Information:**

**AUSA**  <u>VICTOR A. WILD</u>    Bar Number if applicable <u>543148</u>

**Interpreter:**    ☐ Yes ☒ No    List language and/or dialect:  _____

**Matter to be SEALED:**    ☐ Yes  ☒ No

☐ **Warrant Requested**    ☐ **Regular Process**    ☒ **In Custody**

**Location Status:**

**Arrest Date:**  _____

☒ Already in Federal Custody as  <u>Inmate 22838-038</u>    in  <u>Butner FMC, Butner, NC</u>  .
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____  on _____

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony  <u>11</u>

**Continue on Page 2 for Entry of U.S.C. Citations**

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

Date: <u>August 12, 2004</u>    Signature of AUSA: _____

✎JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant**   Peter V. Maggio III

**U.S.C. Citations**

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 371 | Conspiracy | 1 |
| Set 2   18 USC 1341 | Mail Fraud | 5, 6, 8 |
| Set 3   18 USC 1343 | Wire Fraud | 2, 3, 4, 7 |
| Set 4   18 USC 2314 | ITSP | 9, 10 , 11 |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 1/15/04)

## Criminal Case Cover Sheet

**Place of Offense:** _Massachusetts_                                    **U.S. District Court - District of Massa**

City _Malden_                    Category No. _I_

County _Middlesex_                  **Related Case Information:**          Investigating Agency _FBI_

Superseding Ind./ Inf. _X_
Same Defendant
Magistrate Judge Case Number ____    New Defendant    Case No. _04-10231-M_
Search Warrant Case Number ____      New Defendant _X_
R 20/R 40 from District of ____

**Defendant Information:**

Defendant Name _Jeffrey A. Deveau_

Alias Name ____

Address _8072 Indian Hill Road, Manlius, NY_         Juvenile    ☐ Yes    ☒ No

Birth date (Year only): _62_    SSN (last 4 #): _1992_    Sex _M_    Race: ____

**Defense Counsel if known:** _Edward Menkin_

**Bar Number:** ____                                         Nationality: ____

**U.S. Attorney Information:**                          Address: _Suite 909 State Tower Bldg._
                                                              _109 S. Warren St., Syracuse, NY13202_
AUSA _VICTOR A. WILD_

Interpreter:    ☐ Yes    ☒ No                    Bar Number if applicable _543148_

Matter to be SEALED:    ☐ Yes    ☒ No    List language and/or dialect: ____

☐ Warrant Requested

**Location Status:**                                ☒ Regular Process

Arrest Date: ____

☐ Already in Federal Custody as ____                        ☐ In Custody
☐ Already in State Custody
☐ On Pretrial Release:    Ordered by ____    in ____

Charging Document:                      ☐ Serving Sentence
# of Counts:    ☐ Complaint                      ☐ Awaiting Trial
                                        on ____
           ☐ Petty        ☐ Information
                     ☐ Misdemeanor            ☒ Indictment

Continue on Page 2 for Entry of U.S.C. Citations      ☒ Felony    _5_

I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge a
accurately set forth above.

_August 12, 2004_

Signature of AUSA:

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Jeffrey A. Deveau _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 371 | Conspiracy | 1 |
| Set 2   18 USC 1341 | Mail Fraud | 6 |
| Set 3   18 USC 1343 | Wire Fraud | 2, 3, 4 |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** Massachusetts    **Category No.** I    **Investigating Agency** FBI

**City** Malden                          **Related Case Information:**

**County** Middlesex                     Superseding Ind./ Inf. __X__    Case No. __04-10231-MLW__
                                         Same Defendant _____    New Defendant __X__
                                         Magistrate Judge Case Number _____
                                         Search Warrant Case Number _____
                                         R 20/R 40 from District of _____

**Defendant Information:**

**Defendant Name** Michael R. O'Neill    Juvenile ☐ Yes  ☒ No

Alias Name _____

Address  807 Cobblestone Court, Westchester, PA

Birth date (Year only): __56__  SSN (last 4 #): __4149__  Sex __M__  Race: _____  Nationality: _____

**Defense Counsel if known:**  Joseph S. Oteri    **Address:** 20 Park Plaza
                                                            Boston, MA 02116

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** VICTOR A. WILD    **Bar Number if applicable** 543148

**Interpreter:**  ☐ Yes ☒ No    **List language and/or dialect:** _____

**Matter to be SEALED:**  ☐ Yes  ☒ No

       ☐ **Warrant Requested**    ☒ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ **in** _____ .
☐ **Already in State Custody** _____  ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☐ **On Pretrial Release:  Ordered by** _____ **on** _____

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony  4

**Continue on Page 2 for Entry of U.S.C. Citations**

☐      I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
       accurately set forth above.

Date: _August 12, 2004_    Signature of AUSA: _____

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Michael R. O'Neill

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 371 | Conspiracy | 1 |
| Set 2   18 USC 1341 | Mail Fraud | 6 |
| Set 3   18 USC 1343 | Wire Fraud | 2, 3 |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

**Criminal Case Cover Sheet**                    U.S. District Court - District of Massachusetts

**Place of Offense:**  Massachusetts    **Category No.**  I    **Investigating Agency**  FBI

**City**  Malden    **Related Case Information:**

**County**  Middlesex    Superseding Ind./ Inf.  X    Case No.  04-10231-MLW
Same Defendant  X    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name  William Howe    Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address  53 Garfield Road, Melrose, MA _____

Birth date (Year only):  41    SSN (last 4 #):  6193  Sex  M  Race: _____  Nationality: _____

**Defense Counsel if known:** _____    **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA**  VICTOR A. WILD    **Bar Number if applicable**  543148

**Interpreter:**  ☐ Yes  ☒ No    **List language and/or dialect:** _____

**Matter to be SEALED:**  ☐ Yes  ☒ No

☐ **Warrant Requested**    ☒ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____  ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☐ **On Pretrial Release:  Ordered by** _____ on _____

**Charging Document:**  ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**  ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony  8

Continue on Page 2 for Entry of U.S.C. Citations

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

Date:  August 12, 2004    Signature of AUSA: _____

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant     William Howe _____

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 371 | Conspiracy | 1 |
| Set 2   18 USC 1341 | Mail Fraud | 5, 6, 8 |
| Set 3   18 USC 1343 | Wire Fraud | 2, 3, 4, 7 |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:** __Massachusetts__    **Category No.** __I__    **Investigating Agency** __FBI__

**City** __Malden__    **Related Case Information:**

**County** __Middlesex__    Superseding Ind./ Inf. __X__    Case No. __04-10231-MLW__
Same Defendant _____    New Defendant __X__
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Louis A. Paradiso__    Juvenile ☐ Yes ☒ No

Alias Name _____

Address __1739 Revere Beach Parkway, Everett, MA__

Birth date (Year only): __72__   SSN (last 4 #): __2446__ Sex __M__ Race: _____ Nationality: _____

**Defense Counsel if known:** __Joseph P. Dever__    **Address:** __210 Broadway__
__Lynnfield, MA 01940__

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** __VICTOR A. WILD__    **Bar Number if applicable** __543148__

**Interpreter:** ☐ Yes ☒ No    **List language and/or dialect:** _____

**Matter to be SEALED:** ☐ Yes ☒ No

☐ **Warrant Requested**    ☒ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____ .
☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

**Charging Document:** ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:** ☐ Petty _____ ☐ Misdemeanor _____ ☒ Felony __5__

Continue on Page 2 for Entry of U.S.C. Citations

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
accurately set forth above.

Date: _August 9, 2004_    Signature of AUSA: _____

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Louis A. Paradiso _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 371 | Conspiracy | 1 |
| Set 2  18 USC 1341 | Mail Fraud | 5 |
| Set 3  18 USC 1343 | Wire Fraud | 2, 3, 4 |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

# Criminal Case Cover Sheet

Revised USAO MA 1/15/04

**Place of Offense:** Massachusetts

U.S. District Court - District of Massac

**City** Malden

**Category No.** 1

**County** Middlesex

**Related Case Information:**

**Investigating Agency** FBI

Superseding Ind./ Inf.

Same Defendant _____ X _____

Magistrate Judge Case Number

Search Warrant Case Number

R 20/R 40 from District of

**Case No.** 04-10231-ML

**New Defendant** X

**Defendant Information:**

**Defendant Name** Matt A. Havey

**Alias Name**

**Address** 130 Russell St., Apt. 3, Malden, MA

**Juvenile** ☐ Yes   ☒ No

**Birth date (Year only):** 71   **SSN (last 4 #):** 2635   **Sex** M   **Race:**

**Defense Counsel if known:**

**Bar Number:**

**Nationality:**

**U.S. Attorney Information:**

**Address:**

**AUSA** VICTOR A. WILD

**Interpreter:**   ☐ Yes   ☒ No

**Bar Number if applicable** 543148

**Matter to be SEALED:**   ☐ Yes   ☒ No

**List language and/or dialect:**

☐ **Warrant Requested**

**Location Status:**

☒ Regular Process

**Arrest Date:**

☐ In Custody

☐ **Already in Federal Custody as**

☐ **Already in State Custody**

☐ **On Pretrial Release:**   **Ordered by**

in

☐ Serving Sentence

☐ Awaiting Trial

**Charging Document:**   ☐ Complaint

on

**Total # of Counts:**   ☐ Petty

☐ Information

☒ Indictment

☐ Misdemeanor

☒ Felony   3

Continue on Page 2 for Entry of U.S.C. Citations

I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

August 12, 2004   **Signature of AUSA:**

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Matt A. Havey _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 371 | Conspiracy | 1 |
| Set 2   18 USC 1341 | Mail Fraud | 8 |
| Set 3   18 USC 1343 | Wire Fraud | 7 |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**

**Criminal Case Cover Sheet**                     **U.S. District Court - District of Massachusetts**

**Place of Offense:**  Massachusetts       **Category No.** I                **Investigating Agency**  FBI

**City**   Malden                          **Related Case Information:**

**County**   Middlesex                     Superseding Ind./ Inf.   X               Case No.   04-10231-MLW
                                           Same Defendant                    New Defendant  X
                                           Magistrate Judge Case Number
                                           Search Warrant Case Number
                                           R 20/R 40 from District of

**Defendant Information:**

**Defendant Name**   Sean Sacco                    Juvenile      ☐ Yes      ☒ No

Alias Name

Address   21 Frost Avenue, Dorchester, MA

Birth date (Year only):  73    SSN (last 4 #):  4821  Sex  M  Race:              Nationality:

**Defense Counsel if known:**                        **Address:**

**Bar Number:**

**U.S. Attorney Information:**

**AUSA**   VICTOR A. WILD                 **Bar Number if applicable**  543148

**Interpreter:**      ☐ Yes ☒ No         **List language and/or dialect:**

**Matter to be SEALED:**      ☐ Yes   ☒ No

        ☐ **Warrant Requested**         ☒ **Regular Process**        ☐ **In Custody**

**Location Status:**

**Arrest Date:**

☐ **Already in Federal Custody as**                  in                                      .
☐ **Already in State Custody**                ☐ **Serving Sentence**   ☐ **Awaiting Trial**
☐ **On Pretrial Release:**   **Ordered by**                    on

**Charging Document:**      ☐ Complaint       ☐ Information       ☒ Indictment

**Total # of Counts:**       ☐ Petty             ☐ Misdemeanor       ☒ Felony   2

**Continue on Page 2 for Entry of U.S.C. Citations**

☐      I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
       accurately set forth above.

Date: August 12, 2004    **Signature of AUSA:**

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant**  _Sean Sacco_____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  _18 USC 371_ | _Conspiracy_ | _1_ |
| Set 2  _18 USC 1341_ | _Mail Fraud_ | _6_ |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**