IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) CRIMINAL CASE NO. 04-10231-MLW |
| v. | ) |
| PETER V. MAGGIO, III, *ET AL.* | ) |

JOINT MOTION TO EXTEND TIME TO COMPLETE DISCOVERY

The parties jointly move this Court for an Order continuing from November 14, 2005 to January 20, 2005, the time for completion of pre-trial discovery.

As reasons for this Joint Motion, the parties submit the following:

1. On September 26, 2006, this Court conducted a Status Conference at which various complex discovery matters were discussed, including the fact that the materials in this case include approximately 15-20 oversized boxes of disparate materials and occupy a large part of a storage room at the Federal Bureau of Investigation.

2. On September 26, 2006, this Court entered an Order directing that discovery be completed by November 14, 2005, providing further that any motion to extend the discovery deadline be filed by November 7, 2005.

3. At the Status Conference, Government counsel advised that he was scheduled to be on trial in a 6-defendant case during October and expected that trial to extend until approximately the end of the third week of November before District Judge Stearns.[1]

---

[1] That estimate of the length of trial turns out to have been far too optimistic. As of November 4, 2005, it is clear that the Government's case-in-chief alone will extend at least to, and likely beyond, November 18, 2005. The defendants have listed more than 30 defense witnesses, not including the six (6) defendants.

4. Subsequent to the Status Conference, certain defense counsel conducted further review of materials at the office of the FBI and requested that certain materials be copied.

5. On October 25, 2005, Government counsel advised defense counsel that a computer had been seized from co-defendant Maggio upon his arrest in a different case, and that the Government was attempting to obtain approval to duplicate the hard drive of that computer because it is believed that the computer contains data and information relating directly to this prosecution. That matter is not yet resolved.

6. October 28, 2005, during a review of a portion of the materials at the FBI, Government counsel identified materials from two related civil proceedings which appeared to be significant as both inculpatory and potentially exculpatory materials, but which it appeared defense counsel had not requested for copying.

6. The nature of the materials was such that Government counsel immediately began contacting six (6) defense counsel to determine whether they were aware of the materials,[2] and was informed by counsel that they were not aware of the materials.[3]

7. The volume of materials at the FBI will require an extensive further review to determine whether there may be other such materials in documents or miscellaneous papers. To that end, Government counsel suggested that all materials be reviewed jointly by defense counsel

---

[2] Counsel were contacted on October 28, 2005 and on November 4, 2005. As of close of business on November 4, 2005, defense counsel personally contacted and authorizing Government counsel to inform this Court of their declared joinder in this motion include counsel for defendants Maggio, O'Neill, Havey, Howe and Sacco. The Assistant U.S. Attorney has not spoken personally with counsel for defendant Paradiso because he was to be out of the country until November 7, 2005. Defendant Deveau has pleaded guilty pursuant to Rule 20 in the Northern District of New York.

[3] From conversation with contacted defense counsel, as well as cursory review of the civil pleadings, it is apparent that no defense counsel in this criminal case were counsel in any of the civil proceedings.

2

   and Government counsel to assure that all pertinent materials are noted by and copied for defense counsel if requested.  Defense counsel have indicated their concurrence with the proposal, subject to scheduling.

8. This Court has entered a sealed Order for the Government to obtain certain materials.  Production of those materials and disclosure to defendants will require additional time beyond November 14, 2005.[4]

9. In light of the discovery pending, it is requested that the parties be given leave until January 20, 2005 to complete all discovery except for discovery due pursuant to L.R. 116.2(B)(2) and 117.1(A)(4).

10. All defense counsel contacted as of November 4, 2005, have authorized the Government to inform this Court of their joinder in this motion.

WHEREFORE, the parties jointly move this Court to continue the time for completion of discovery in this case from November 14, 2005 to January 20, 2006.

Respectfully submitted this 4th day of November, 2005.

           MICHAEL J. SULLIVAN
           UNITED STATES ATTORNEY

        By: /s/ Victor A. Wild
           VICTOR A. WILD
           Assistant U.S. Attorney
           One Courthouse Way
           Boston, MA 02210
           (617) 748-3100

---

[4] For the reason that the matter was filed and Ordered under seal, this matter was not discussed with defense counsel.  However, if materials are obtained pursuant to this Court's Order, those materials will be immediately disclosed to counsel.

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the attorneys listed below a copy of the foregoing document.

                                              /s/ Victor A. Wild
                                              VICTOR A. WILD
                                              Assistant U.S. Attorney

| | |
|---|---|
| James M. Merberg, Esq.<br>66 Long Wharf<br>Boston, MA 02110<br>Attorney for Peter V. Maggio | Edward Z. Menkin, Esq.<br>Suite 909, 109 S. Warren St.<br>Syracuse, NY 13202<br>Attorney for Jeffrey DeVeau |
| Joseph S. Oteri, Esq.<br>20 Park Plaza<br>Boston, MA 02116<br>Attorney for Michael R. O'Neill | Elliott M. Weinstein, Esq.<br>228 Lewis Wharf<br>Boston, MA 02110<br>Attorney for William A. Howe |
| Scott P. Lopez, Esq.<br>24 School Street<br>Boston, MA 02108<br>Attorney for Louis A. Paradiso | Roger Witkin, Esq.<br>6 Beacon Street<br>Boston, MA 02108<br>Attorney for Matt A. Havey |
| William M. White, Esq.<br>1 Faneuel Hall, 3rd Floor<br>Boston, MA 02109<br>Attorney for Sean Sacco | |

## **AFFIDAVIT**

VICTOR A. WILD, Assistant United States Attorney ("Government Counsel"), upon his oath, states:

This Affidavit is submitted for the Court's consideration in connection with the foregoing Joint Motion To Extend Time To Complete Discovery in United States v. Maggio, *et al*, Criminal Case No. 04-10231-MLW.

1. Government counsel sought and obtained an Order of this Court for purposes of acquiring certain significant records and information relating directly to the charges and subject matters of the Indictment in United States v. Maggio, *et al*, Criminal Case No. 04-10231-MLW. Although the Government seeks expedited processing, the source and nature of the materials will require several weeks for production.

2. On October 25, 2005, Government counsel informed defense counsel regarding a computer possessed by the Government from and after the arrest of co-defendant Maggio's in another case, and that the Government was attempting to obtain permission to duplicate the hard drive from that computer because it is likely to obtain information and/or data related to the Indictment in United States v. Maggio, *et al*, Criminal Case No. 04-10231-MLW. That matter is not yet resolved.

3. During the period September 15, 2005 to the present, Government counsel has been involved in preparation for, and the trial of, United States v. Mazzola, *et al.*, Criminal Case No. 01-10012-RGS involving 6 defendants charged with two conspiracies and related substantive offenses. More particularly, trial was commenced October 17, 2005 and the Government's case-in-chief is presently expected to last through at least November 18, 2005. The six defendants have declared an intention to call as many as 30 defense witnesses.

4. Government counsel had discussed within the U.S. Attorney's Office the possibility of assigning another Assistant U.S. Attorney to assist with review of materials relating to this case that are stored at the FBI. However, it was determined that in light of the very large volume of materials, the duration of the investigation, the details known the Government counsel regarding the instant prosecution, and the nature of four (4) successive prosecutions of co-defendant Peter Maggio personally by Government counsel for complicated fraud schemes, it was not possible to assign another Assistant U.S. Attorney unfamiliar with the matters to review the materials with any reasonable means of discerning the potential importance nor the potentially exculpatory or inculpatory nature of the materials.

5. Trial in Mazzola, et al. was suspended for the week of October 24, 2005, during

which time Government counsel dealt with numerous scheduled witness preparation matters, continuing disclosure issues among counsel for the defense and the government, and related legal issues.

6.  Subsequent to September 26, 2005, the first opportunity Government counsel had to visit the FBI for review of documents in <u>Maggio, et al</u> was on October 28, 2005.

7.  On October 28, 2005, Government counsel first briefly noted which materials defense counsel had requested for copying before beginning review of additional materials which defense counsel had not requested for copying.

8.  After partially reviewing certain boxes and beginning more thorough review within one box of materials -- containing many hundreds or more of pages -- Government counsel identified copies of miscellaneous pleadings in connection with two (2) civil actions by commercial lenders. An Assistant U.S. Attorney not entirely familiar with the interplay of success prosecutions of Peter Maggio would likely have missed the significance of the civil matters and pleadings to the present prosecution.

9.  Among the various civil pleadings were certain pleadings to which several affidavits were appended. Among the affidavits, Government counsel found affidavits of named defendants in <u>United States v. Maggio, et al</u>. It appeared that the civil materials may relate, among others, to defendants' involvement in loans that are related to the subject of this criminal prosecution as well as their involvement with co-defendant Maggio in other loans.

10. A cursory review by Government counsel indicated that the affidavits may contain inculpatory materials as to co-defendants and the Maggio affidavit(s) may contain potentially significant exculpatory material as to co-defendants. In addition, it appears that there may have been other affidavits by defendants filed in civil proceedings.

11. Government counsel also considered the likelihood that if depositions had been taken in connection with the related civil actions, including depositions of defendants in the criminal case, such depositions would likely contain similar material. The FBI Special Agent assigned to this prosecution was requested to attempt to identify counsel in the civil proceedings and determine what depositions of criminal defendants, if any, may have been taken in connection with the civil actions in order to make any such depositions available to defense counsel.

12. When the assigned Assistant U.S. Attorney determined that materials in the box reviewed did not appear to be among materials requested for copying by the

       defendants in this case, he ceased his review of the 15-20 boxes of materials in order to begin immediately contacting defense counsel to advise them of this matter.

13. From conversations with counsel contacted by Government counsel on October 28, 2005, it was apparent to Government counsel that, to whatever extent defense counsel in the criminal case were ever informed by defendants or were otherwise at all aware of the existence of related civil proceedings, they were not aware that defendants may have executed affidavits or may have been deposed in the civil proceedings.

14. It appeared to Government counsel that due to the volume of materials in this case, and the complex interplay among successive prosecutions of Peter Maggio, in some instances involving loan matters in which co-defendants may have been involved, materials of considerable or potential significance in this case had either not been reviewed by counsel during their visits to the FBI or had not been noted by counsel. For that reason, the assigned Assistant U.S. Attorney proposed, and defense counsel contacted on October 28, 2005 joined the proposal, that defense counsel and Government counsel **jointly** review the materials at the FBI. Further review of the voluminous of material in the numerous oversized boxes will require a period of time to assure that all relevant materials are reviewed, noted and copied if requested.

15. Government counsel anticipates conducting joint review of materials at the FBI, subject to defense counsel schedules, upon completion of the present trial before District Judge Stearns. As disclosed at the Status Conference on September 26, 2005, Government counsel is scheduled for a trial to begin December 10, 2005 before Chief Judge Young in United States v. Reid, Criminal case No. 04-10031-WGY. Government counsel will be on a pre-paid honeymoon from December 31, 2005 through January 13, 2005.

Respectfully submitted this ___ day of November, 2005.

                                                        VICTOR A. WILD
                                                        Assistant U.S. Attorney

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF NOVEMBER, 2005.

                                              _____
                                              NOTARY PUBLIC

My Commission Expires: