IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL CASE NO. 04-10231-MLW |
| v. ) | |
| PETER V. MAGGIO, III, *ET AL.* ) | |

GOVERNMENT'S **_SUPPLEMENTAL_** SENTENCING MEMORANDUM
RE: LOSS CALCULATION CONFLICTS

This Court directed the parties to advise on or before Friday, October 27, 2006, whether conflicts remained regarding loss calculation(s). The Government understood that at the close of the sentencing hearing on October 24, 2006, the only remaining conflicts regarding loss calculation were in connection with sentencing of defendants O'NEILL and SACCO. The Government submits the following:

1. **DEFENDANT MICHAEL O'NEILL**

   The PSR designates the losses relating to O'NEILL to be $4,606,485 in connection with CIT loans only, for the period January 15, 1999 through March 23, 2000. The Government's letter submitted at the Rule 11 hearing incorporated those same loans and dates, but identified the losses as $2,855,494 due to a mathematical error.

   O'NEILL asserts that his loss calculation should commence with his knowledge that a loan in the name of Didonato on August 27, 1999, "had some phony documents attached to it...." He also acknowledges that he knew that other loans after that date contained phony down payments, admitting that he specifically knew the down payments for loans on August 27, October 6,[1] and October 13, 1999, were bogus.

---

[1] This loan is referred to elsewhere by the defendant as October 8, 1999.

Nonetheless, O'NEILL asserts that he was not aware that three loans after those dates were fraudulent, specifically:

    11/23/99   i/n/o Harold Winn with a loss of $527,645

    02/03/00   i/n/o Victor Gaetano with loss of $324,729

    3/23/00    i/n/o Deveau Tractor with loss of $525,000

for an aggregate loss of $1,304,474, which O'NEILL contests.

O'NEILL admits criminal liability for the remaining loans aggregating losses of $1,713,820.

Proof of O'NEILL's knowledge of the fraudulent nature of the specific loans contested would require extensive testimony, including from witnesses not readily available to the Government, and would unnecessarily compound and delay the sentencing hearing.

In an effort to resolve the matter, the parties will stipulate:

    A.    That the loan losses applicable to O'NEILL for calculation of the guidelines unde §2F1.1(b)(1) should be **$1,813,820,** comprised of the loss amount admitted by O'NEILL together with $100,000 which was the approximate amount O'NEILL ultimately anticipated receiving in kickbacks in connection with the fraudulent scheme;

    B.    That the loss calculation does not control the Order of Restitution which this Court may impose.

As indicated in the PSR at ¶301, "restitution in the amount of $4,606,485 is outstanding to CIT."

    2.    **DEFENDANT SEAN SACCO**

The U.S. Probation Department and the U.S. Attorney are in agreement that the loss calculation applicable to SACCO is $420,878.93, resulting in an offense enhancement of 9 levels.

Government counsel attempted to consult further with counsel for defendant SACCO before filing this Supplemental Sentencing Memorandum, but defense counsel was not available.

The Government and the Probation Department do not agree with SACCO's assertion that an additional loan in the amount of $138,239 with a loss of $95,023 should be excluded from the loss calculation, for a loss calculation of $325,855, and an offense enhancement of 8 levels [$200,000 to $350,000].

SACCO's asserted basis for excluding this loan is that while the loan may represent his direct involvement as the Government alleges, he simply is uncertain whether he signed the loan documents.

The defendant's mere uncertainty is insufficient to exclude the matter to which he previously pleaded guilty.  See Indictment at p. 28, ¶¶42 N-P.

Moreover, the loss calculation presently applied by the PSR and the Government does not include the loss created when SACCO acted as a "straw" borrower for MAGGIO in connection with a mortgage loan for $151,872.96 for the purchase of a residence in Everett, MA.  That property was forfeited to the Government as part of the prosecution of MAGGIO in Criminal No. 99-10333-MLW.  If the mortgage loan were included as "relevant conduct" the enhancement of 9 offense levels would apply even if this Court otherwise adopted SACCO's requested loss calculation.

Respectfully submitted this 27th day of October, 2006.

                        MICHAEL J. SULLIVAN
                        UNITED STATES ATTORNEY


By:   /s/ Victor A. Wild
      VICTOR A. WILD
      Assistant U.S. Attorney
      One Courthouse Way
      Boston, MA 02210
      (617) 748-3100

<u>CERTIFICATE OF SERVICE</u>

 This is to certify that I have this day served upon the attorneys listed below a copy of the foregoing document via ECF.

            <u>/s/ Victor A. Wild</u>
            VICTOR A. WILD
            Assistant U.S. Attorney

James M. Merberg, Esq.    William M. White, Esq.
66 Long Wharf        1 Faneuel Hall, 3rd Floor
Boston, MA 02110      Boston, MA 02109
Attorney for Peter V. Maggio  Attorney for Sean Sacco

Joseph S. Oteri, Esq.     Elliott M. Weinstein, Esq.
20 Park Plaza        228 Lewis Wharf
Boston, MA 02116      Boston, MA 02110
Attorney for Michael R. O'Neill Attorney for William A. Howe
Scott P. Lopez, Esq.      Roger Witkin, Esq.
24 School Street       6 Beacon Street
Boston, MA 02108      Boston, MA 02108
Attorney for Louis A. Paradiso  Attorney for Matt A. Havey