UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CASE NO. 1:04-CR-10231

_____
                                          )
UNITED STATES OF AMERICA  )
                                          )
V.                                        )
                                          )
PETER V. MAGGIO               )
                                          )
_____)

**DEFENDANT MAGGIO'S MEMORANDUM
REGARDING SENTENCING DISPARITY**

**I.   INTRODUCTION**

It is respectfully submitted in accordance with Chief Judge Wolf's November 3, 2006 order the Defendant Maggio submits the instant memorandum addressing the issue of sentence disparity.

**II.   FACTS**

The Defendant relies on the undisputed facts found in his PSR at paragraphs 7 through 212. The Court's attention is specifically directed to footnote 3 of Maggio's Presentence Investigation Report at paragraph 16, in which it is noted that the Defendant Deveau plead guilty to the indictment pursuant to Rule 20, and was sentenced before Chief Judge Norman A. Mordue of the Northern District of New York. Deveau received a sentence of one year and one day, after the Court considered the Government's Motion for a 5K downward departure, based on Deveau's cooperation.

**II.   ARGUMENT**

It is respectfully submitted that the Defendant Maggio, unlike other defendants before the Court raises, the issue of sentencing disparity in the context of a request for a downward departure, in which sentencing disparity is one of a number of individual factors he asks the Court to consider. Maggio recognizes that a sentencing disparity between himself and Deveau alone may not warrant a downward departure, however, when considered together with other factors, it may provide a basis for the Court, in the exercise of its discretion, to impose a downward departure sentence.

Counsel readily acknowledges that there are both similarities and differences between Maggio and Deveau. Both Maggio and DeVeau both played central roles in the fraudulent scheme, both realized substantial financial gain from their unlawful activities, and both cooperated in the investigation of others involved in the same criminal activity.

Maggio, although he also provided assistance to the government, did not benefit as did Deveau by a 5K 1.1 downward departure motion. Further, Deveau unlike Maggio did not have a prior history of involvement in fraudulent activities.

It is counsel's position that while there are easily identifiable differences between Maggio and Deveau, their almost equal level of involvement in the instant case is such, that even adjusting for all of the differences between them, this Court may when imposing sentence, wish to recognize the disparity between the sentences each individual will ultimately receive. (Two individuals who had similar roles in the fraudulent scheme, one of whom (Deveau), received a substantially lesser sentence, than the potential sentence Maggio faces).

On behalf of Peter Maggio, counsel respectfully asks that the Court consider the sentencing disparity between the sentence Deveau received and the sentence Maggio faces as one of a number of reasons, when taken collectively, could warrant

(as discussed in the Defendant's initial sentencing memorandum) a downward departure sentence.

Undersigned counsel would respectfully direct the Court's attention to the United States v. Saez, 444 F3d 15 (1st Cir. 2006), which strongly suggests that basic requirements of rationality remain, and although attempting to make a valid comparison between defendants sentenced by different judges is difficult, the best indication of the ordinary practice would be to look to the guidelines.  Using that approach, the sentence received by DeVeau is greatly disproportionate and substantially less than the potential sentence Maggio faces.

### III.    CONCLUSION

WHEREFORE, the Defendant Peter Maggio respectfully moves this Honorable Court to consider the sentence disparity between himself and Deveau, as one factor among many, to justify the imposition of a downward departure sentence.

>Respectfully submitted,
>Peter V. Maggio
>By his attorney,
>
>*/s/ James Michael Merberg*
>_____
>James Michael Merberg, Esquire
>B.B.O. No. 343020
>66 Long Wharf
>Boston, Massachusetts 02110
>Tel. (617) 723-1990